

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-5346
Re: Would the Liquor Control
Board be authorized to ap-
ply Senate Bill No. 117,
Acts of the 48th Legisla-
ture, Regular Session, 1943,
to the pending application
of the named applicant and
to reject it now on the
grounds that an alien is
not qualified as a matter
of law to hold a license?
And a related question.

Your letter of May 27, 1943, requesting the opin-
ion of this department on the questions stated therein, reads
as follows:

"There has heretofore been presented to your
office all papers relative to the application of
one Martin Abogado for a Wine and Beer Retailer's
Permit sought in El Paso, Texas.

"After the District Court had issued an or-
der on appeal from the action of the County Judge,
and in which the District Court reversed the or-
der of the County Judge, the decision of the Dis-
trict Court was appealed to the Court of Civil
Appeals, and according to our information from
Mr. Guinn, the County Attorney at El Paso, the
Court of Civil Appeals dismissed the appeal in
April.

"It was agreed by all parties concerned, in-
cluding the District Judge of El Paso, that the
application of Martin Abogado would be held in

Honorable Bert Ford, page 2

suspense, pending appellate action, and that the
applicant would be permitted to sell beer during
the pendency of appeal.

"The 48th Legislature enacted Senate Bill No.
117 with sufficient support to give it emergency
status, and it became law with the Governor's sig-
nature on May 14, 1943. This Bill carried in Sec-
tion 14 thereof a provision enacting in the law
a new Section 43-B, reading as follows:

"'When the terms "citizen of Texas" and "citi-
zen of this state" are used in this Act, they shall
mean not only citizenship in Texas, as required by
this Act, but shall also require citizenship in
the United States.'

"The issue in the Martin Abogado case was
whether an alien could obtain a license to sell
beer. Since any question about this matter is now
moot, we should like to have your opinion in res-
ponse to the following questions:

"1. Would the Board be authorized to apply
the qualifications of new law to the pending ap-
plication of Martin Abogado, and to reject it now
on the grounds that an alien is not qualified as
a matter of law to hold a license?

"2. Would the Board now have the legal au-
thority to cancel licenses held by aliens in El
Paso County, heretofore issued under the orders of
the County or District Court, but which licenses
will not expire under their own terms for some time
to come?"

Generally speaking Senate Bill No. 117, Acts of the
48th Legislature, Regular Session, 1943, is a comprehensive
Act amending many provisions of the Texas Liquor Control Act.
Section 43-B which is quoted above in your letter is a new sec-
tion added to the Act. Section 26 of said Senate Bill No. 117
reads in part as follows:

"That the repeal or amendment of any Section
or any portion of a Section of the Texas Liquor
Control Act by the enactment of this Act shall not

Honorable Bert Ford, page 3

affect or impair any act done, or right vested or accrued, or any proceeding, suit, or prosecution had or commenced in any cause before such repeal or amendment shall take effect; but every such act done, or right vested or accrued, or proceeding, suit, or prosecution had or commenced shall remain in full force and effect to all intents as if such Section, or part thereof, so repealed or amended had remained in force, except that where the course of practice of procedure for enforcement of such right, or the conducting of such proceeding, suit, or prosecution shall be changed, the same shall be conducted as near as may be in accordance with this Act. No offense committed and no liability, penalty, or forfeiture, either civil or criminal, incurred prior to the time when any Section or part thereof shall be repealed or amended by this Act, shall be discharged or affected by such repeal or amendment; but prosecution and suits for such offenses, liabilities, penalties or forfeitures, shall be instituted and proceeded with in all respects as if prior statute, or part thereof, had not been repealed or amended, except that where the mode of procedure or matters of practice have been changed by this Act, the procedure had after this Act shall have taken effect in such prosecution or suit shall be, as far as practicable, in accordance with this Act."

Article 667-5, Vernon's Annotated Penal Code, provides in part:

"Any person desiring a license as manufacturer, distributor, or retail dealer may in vacation or in termtime file a petition with the County Judge of the County in which the applicant desires to engage in such business which petition shall state as follows:

"If a manufacturer:

"(1) That he is a law abiding, taxpaying citizen of this State, over twenty-one (21) years of age; that he has been a resident of the county wherein such license is sought for a period of more than one year next preceding the filing of

Honorable Bert Ford, page 4

such petition; and that he has not been convicted of a felony within two (2) years immediately preceding the filing of such petition.

". . . .

"If a retail dealer:

"(1) The same information required of a manufacturer.

". . . .."

Subsection 16 of Article 666-15, Vernon's Annotated Civil Statutes, provides in part:

"The Board is authorized to issue Wine and Beer Retailer's Permits. The holders of such permits shall be authorized to sell for consumption on or off the premises where sold, but not for resale, vinous and malt beverages containing alcohol in excess of one-half of one per cent by volume and not more than fourteen (14) per cent of alcohol by volume. All such permits shall be applied for and issued, unless denied, and fees paid upon the same procedure and in the same manner and upon the same facts and under the same circumstances, and for the same duration of time, and shall be renewable in the same manner, as required and provided to govern application for an issuance of Retail Beer Dealer's Licenses under Article II of this Act, and shall be subject to cancellation or suspension for any of the reasons that a Retail Beer Dealer's License may be cancelled or suspended, and upon the same procedure. The holders of Wine and Beer Retailer's Permits shall also be subject to all provisions of Section 22, Article II of this Act. All alcoholic beverages which the holders of such permits are authorized to sell may be sold with the same restrictions as provided in Article II governing the sale of beer, as to prohibited hours, local restrictions, age of employees, installation or maintenance of barriers or blinds in openings or doors,

Honorable Bert Ford, page 5

prohibition of the use of the word 'saloon' in
the signs or advertising, and subject to the same
restrictions upon consumption of wine as provided
for beer in the case of Retail Beer Dealers in
Section 15 of Article II of this Act. For the
violation of any applicable provisions of Article
II, the holders of such permits shall be liable for
penalties provided in Article II; for the viola-
tion of any other provisions of this Act the hold-
ers of such permits shall be subject to penalties
provided in Article I of this Act.

". . . ."

It is stated in American Jurisprudence, Volume 2, at
page 470:

"A statute which arbitrarily prohibits aliens
from engaging in ordinary kinds of business is un-
constitutional. However, discrimination against
aliens in the granting of a license to maintain a
business which, though lawful, is subject to abuse
and likely to become injurious to the community,
is based upon a lawful legislative classification
since it is not unreasonable to suppose that the
foreign born, whose allegiance is first to their
own country, and whose ideals of governmental
environment and control have been engendered and
formed under entirely different regimes and poli-
tical systems, have not the same inspiration for
the public weal, and are not as well disposed to-
ward the United States as those who, by citizen-
ship, are a part of the government itself. Thus,
there is no question but that a state's denial, to
persons not citizens of the United States, of the
right to obtain licenses to sell intoxicating
liquors is not an unlawful discrimination against
aliens or an abridgment of their rights within
the prohibition of the Fourteenth Amendment of the
Federal Constitution.

". . ."

We quote from A. L. R., Volume 39, page 348, as follows:

"There is no question but that a state's
denial to persons not citizens of the United States
of the right to obtain licenses to sell intoxicating

Honorable Bert Ford, page 6

liquors, is not an unlawful discrimination against aliens, or an abridgment of their rights within the prohibition of the 14th Amendment of the Federal Constitution. Trageser v. Gray (1890) 73 Md. 250, 9 L.R.A. 780, 25 Am. St. Rep. 587, 20 Atl. 905; Bloomfield v. State (1912) 86 Ohio St. 253, 41 L.R.A. (N.S.) 726, 99 N.E. 309, Ann. Cas. 1913D, 629.

"As stated in the Trageser Case (Md.) supra, no one can claim as a right any power whatever to sell intoxicating liquors, and the validity of the exercise by a state of its police power in regulating their sale does not, in the least degree, depend on any question as to the presence or absence of discrimination for or against particular persons, or classes of persons, and the legislature may lawfully grant the right to sell to a certain class and withhold it from others.

"The constitutionality of a statute requiring the holder of a liquor license to be a citizen of the United States was unquestioned in Trimble's License (1909) 41 Pa. Super. Ct. 370, where a liquor license was revoked upon the ground that the holder was an alien."

It is stated in the Trimble case, supra, "In Hoy's License, 3 Montg. Co. Li. 188, it was held that the holder of a liquor license must be a citizen of the United States, and that when such license is improperly granted to one not a citizen, such license upon application will be revoked."

However, the license in the above mentioned cases were granted to the aliens involved where the statute expressly provided in part: "Licenses shall only be granted to citizens of the United States."

With reference to your first question as heretofore stated, we assume that the person mentioned therein does not now have a license and is making an application for a license at this time. In view of the foregoing authorities, it is our opinion that an alien cannot qualify and receive a license under the Texas Liquor Control Act. Therefore, we respectfully answer your first question in the affirmative.

Honorable Bert Ford, page 7

       In view of Section 26 of Senate Bill No. 117, supra, we answer your second question in the negative. However, when the licenses in question expire the holders of such licenses who are aliens would have no right to renew the same.

                      Yours very truly

               ATTORNEY GENERAL OF TEXAS

By                       Ardell Williams
                       Assistant

AW:db



APPROVED
OPINION
COMMITTEE
BY BWB